**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                                   ) | **CASE NO. WDQ-08-0484** |
| ) | |
| ) | |
| **NARVELL WILLIAMS**        ) | |

**GOVERNMENT'S MOTION TO DISMISS AS UNTIMELY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

The United States of America, by its undersigned attorney, hereby moves to dismiss the defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 based on the petitioner's untimely filing of the motion.

**PROCEDURAL HISTORY**

On February 26, 2010, Narvell D. Williams (hereinafter "the petitioner"), entered a plea of guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c), to Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. Section 841(a)(1) and 841(b)(1)(C).  On May 19, 2010, the petitioner was sentenced to a term of imprisonment of 144 months.  On May 24, 2010, the district court issued a judgment and commitment order.  No notice of appeal or appeal was ever filed.

On January 22, 2013, almost 3 years after the entry of the judgment and commitment order, the petitioner filed a motion to vacate pursuant to 28 U.S.C. §2255.  The government now moves to dismiss that motion as untimely.

**ARGUMENT**

I. **THE MOTION TO VACATE SHOULD BE DISMISSED AS UNTIMELY BECAUSE THE PETITIONER FILED THE MOTION OUTSIDE THE ONE-YEAR PERIOD OF LIMITATION AND THE CIRCUMSTANCES DO NOT WARRANT EQUITABLE TOLLING.**

Petitioner's motion to vacate pursuant to 28 U.S.C. §2255 was not filed within the one-year period of limitation. Section 2255 provides for a one-year period of limitation which runs from the latest of: (1) the date of final judgment, (2) the date on which any constitutional government impediment to making this motion was removed, if movant was so impeded, (3) the date on which any retroactively applicable right was recognized by the Supreme Court, if that was previously asserted by the petitioner, and (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f). Pursuant to the statute, the petitioner's motion had to be filed within one year of the latest of these four events. Because the petitioner's motion was not timely filed under any of these provisions, his motion should be dismissed.

The motion to vacate was not filed within one year of the date on which a retroactively applicable right was recognized by the Supreme Court. Section 2255(f) does not apply because the petitioner has failed to present any new facts. A "fact" is defined for legal purposes as "[an] actual or alleged event or circumstance, as distinguished from its legal effect, consequence, or interpretation." *Black's Law Dictionary* (9th ed. 2009) at 669. The petitioner alleges that he raises new facts, but he does not.

Lastly, the circumstances for petitioner's failure to file the motion to vacate within one year of one of the four events should not justify equitable tolling. Rarely will circumstances warrant invocation of equitable tolling. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003).

2

Resorting to equitable tolling must be reserved for "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* Thus, an otherwise time-barred petitioner is entitled to equitable tolling if he is able to present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.* In the present case, there is no evidence that such extraordinary circumstances exist. Thus, there is no basis for equitable tolling to apply.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court dismiss the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

                        Respectfully submitted,

                        Rod J. Rosenstein
                        United States Attorney

                   By:_____/s/_____
                        Tonya N. Kelly
                        Assistant United States Attorney
                        36 South Charles Street
                        Fourth Floor
                        Baltimore, Maryland 21201
                        (410) 209-4800

**CERTIFICATE OF SERVICE**

       This is to certify that on this 29th day of January 2013, a copy of the foregoing was sent by first-class mail, postage prepaid, to the following:

    Narvell Williams
    P.O. Box 2099
    Pollock, LA 71467

                                              _____/s/_____
                                              Tonya N. Kelly
                                              Assistant United States Attorney